UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUZANNE WESTHALL, | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| | : | 3:09CV1118 (RNC) |
| v. | : | 309CV 1118 RNC |
| OR-LIVE, INC., d/b/a "ORLive" | : | |
| Defendant | : | JULY 15, 2009 |

## COMPLAINT

**INTRODUCTION**

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff, in violation of federal and state wage and hour laws.

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (hereinafter "FLSA").

3. In addition, Plaintiff brings this as an individual action under the California Labor Code, and, in the alternative, the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. Sec. 31-58 *et seq.*

**PARTIES**

4. Plaintiff Suzanne Westhall is an individual who at all relevant times resided in Manhattan Beach, CA. At all times relevant to this complaint, Plaintiff was employed by Defendant.

-1-

5. Defendant OR-Live, Inc. (hereinafter "Defendant" or "ORLive") is a company that transacts business in the State of Connecticut. Defendant is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

**JURISDICTION**

6. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. Section 1331 because it raises questions under the FLSA. The court has pendent jurisdiction pursuant to 28 U.S.C. 1367 over statutory claims under California and California law and Connecticut and Connecticut law.

**FACTUAL BACKROUND**

7. Plaintiff was employed by Defendant from February of 2004, until the termination of her employment on June 19, 2009.

8. ORLive bills itself as "the world's leading surgical broadcasting company. Working collaboratively with hospitals and device manufacturers, ORLive produces customized, interactive, video programs that demonstrate the latest surgical techniques and product innovations."

8. At times during the course of her employment with Defendant, Plaintiff worked overtime as that term is defined by the FLSA, the California Labor Code, and the CMWA.

9. At all times during her employment with Defendant, Plaintiff was not paid overtime at the rate of one and one-half times her regular hourly rate for overtime as that term is defined by the FLSA, the California Labor Code, and the CMWA.

10. At all times during her employment with Defendant, Plaintiff performed job duties and responsibilities which render her non-exempt under the FLSA, the California Labor Code, and the CMWA.

11. Plaintiff's primary job duties and responsibilities included a wide number of tasks, all of which directly related to producing surgical broadcasts and other medical related broadcasts. These tasks included the following (1) positioning cameras for broadcast; (2) interviewing doctors; and (3) coordinating activities with hospital staff, camera and sound crews. Plaintiff had no direct reports who had been assigned to her for supervision, nor did she have hiring or firing authority, or play any role in determining employee compensation, promotions, or in conducting performance reviews.

**COUNT ONE** - FLSA

1-11. Paragraphs 1 through 11 are incorporated herein as Paragraphs 1 through 11 as if fully set forth herein.

12. During Plaintiff's employment with Defendant from July 15, 2006 to the termination of her employment on June 19, 2009, Defendant failed to pay the Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

13. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was wilful.

14. By virtue of the above, Defendant violated FLSA.

15. As a result of the Defendant's wilful violation of FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT TWO** – California Labor Code

1-13.   Paragraphs 1 through 13 are incorporated herein as Paragraphs 1 through 13 as if fully set forth herein.

14.   By virtue of the above, Defendant violated the California Labor Code §§ 204(a), 510, and 1194 by failing to pay Plaintiff for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per week.

15.   As a result of the Defendant's violation of California Labor Code, Plaintiff is entitled to compensation for all overtime hours worked computed at one and a one-half times her regular hourly rate, attorneys' fees and costs.

**COUNT THREE (IN THE ALTERNATIVE TO COUNT TWO)** – CMWA

1-13.   Paragraphs 1 through 13 are incorporated herein as Paragraphs 1 through 13 as if fully set forth herein.

14.   By virtue of the above, Defendant violated CMWA.

15.   As a result of the Defendant's wilful violation of CMWA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and a one-half times her regular hourly rate, liquidated damages, attorneys' fees and costs.

**DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff claims:

1. Unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

2. Unpaid overtime wages under the California Labor Code, and, in the alternative, Connecticut General Statutes Section 31-58 *et seq.*;

3. Liquidated Damages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

4. Liquidated Damages under the Connecticut General Statutes Section 31-58 *et seq*;

5. Interest and costs;

6. Statutory attorneys' fees and costs as permitted under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

7. Statutory attorneys' fees and costs as permitted under the California Labor Code, and, in the alternative, Connecticut General Statutes Section 31-58 *et seq*; and

8. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                                                PLAINTIFF,
                                                Suzanne Westhall

By: _____
William Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave., Suite 201
Hartford, CT 06106
Tel: (860) 246-2466
Fax: (860) 246-1794
Attorney for the Plaintiff
Wmadsen@mppjustice.com